475 S.E.2d 162

**OFFICE OF LAWYER DISCIPLINARY COUNSEL, Petitioner,**

v.

**Thomas L. BUTCHER, a Member of the West Virginia State Bar, Respondent.**

**No. 23415.**

Supreme Court of Appeals of West Virginia.

Submitted June 25, 1996.

Decided July 17, 1996.

Janice Binder, Office of Lawyer Disciplinary Counsel, Charleston, for Petitioner.

Thomas L. Butcher, pro se.

PER CURIAM.

The Office of Lawyer Disciplinary Counsel of the West Virginia State Bar ("OLDC") petitions this Court for an order authorizing the Chief Judge of Cabell County to appoint counsel to inventory the files of the Respondent, Thomas L. Butcher. The Petitioner also asks that we suspend indefinitely, without a hearing, the Respondent's law license, and order a psychiatric evaluation.

The record before us consists of the petition filed by the OLDC and correspondence from this Court to the Respondent that has been returned to sender. The Respondent has filed no answer to the petition, and has not appeared in the course of these proceedings.

Mr. Butcher is an active member of the West Virginia State Bar. He practiced law in Huntington, West Virginia, until early April, 1996, and his whereabouts are currently unknown. Since April, 1995, the OLDC has received numerous complaints alleging lack of diligence or lack of communication by the Respondent. The Respondent did not reply to the OLDC's requests for information regarding these complaints. The Petitioner therefore subpoenaed him to appear before Disciplinary Counsel. Respondent appeared pursuant to the subpoena, and promised to take specific actions in four cases by November 27, 1995. Respondent failed to fulfill that promise, and on March 7, 1996, the OLDC filed a formal Statement of Charges. The Statement of Charges outlines the complaints against the Respondent in four cases. The complaints allege violations of Rules 1.1 (lawyer competence), 1.2 (scope of representation), 1.3 (diligence in representation), 1.4 (duty to communicate with client), 1.15 (safekeeping property), 1.16 (declining or terminating representation), and 8.1 (failure to respond to lawful demand for information from a disciplinary authority).

Both the OLDC and the Office of the Clerk of the West Virginia Supreme Court of Appeals [1] have since tried to serve the Statement of Charges on the Respondent. All attempts have been returned to sender. In addition, the Clerk of this Court has written a letter to the Respondent, which included the following warning:

Please be informed that this letter serves as notice under W.Va.R.Civ.P. 4(d)(1) that because you have refused service of process by certified mail, default judgment may be entered against you. . . .

I expect that if you continue your apparent efforts to avoid disciplinary proceedings by refusing to acknowledge receipt of formal charges, the Lawyer Disciplinary Board may enter default judgment and seek reciprocal discipline, including possible disbarment, in every jurisdiction in which you are licensed to practice. Accordingly, I encourage you to acknowledge receipt of the formal complaint by executing the same and returning it to my office.

The Clerk's Office mailed this letter four times, and all four were returned.

After over a month of trying to serve the Statement of Charges on the Respondent, the OLDC filed a Motion to Deem the Statement of Charges Admitted and Recommendation for Indefinite Suspension with the Hearing Panel of the Lawyer Disciplinary Board on April 24, 1996.[2] The OLDC attempted to serve the Motion at the Respondent's last two known addresses, but both envelopes were returned, one marked "Box closed-No order" and the other marked "Moved left no address/unable to forward/return to sender."

■ We first examine the OLDC's request that we authorize the Chief Judge of Cabell County to appoint counsel to protect the interests of the Respondent's clients, inventory his files, and take such action as is indicated, because the Respondent has disappeared and his whereabouts are unknown. Rule 3.29 of the Rules of Lawyer Disciplinary Procedure provides:

When a lawyer has disappeared, died, or has abandoned his or her law office or practice . . . and no partner, executor, or other responsible party capable of conducting the lawyer's affairs is known to exist, the Supreme Court of Appeals, upon written request by Disciplinary Counsel, may authorize the chief judge in the circuit in which the lawyer maintained his or her

---

1. Rule 2.11 of the Rules of Lawyer Disciplinary Procedure provides, in pertinent part, that

[s]ervice of a formal charge shall be made by the Clerk of the Supreme Court by certified mail, return receipt requested, to the lawyer at his or her office, or at his or her last known address or, in the alternative, service may be made in a manner consistent with the rules for service of process under the West Virginia Rules of Civil Procedure.

2. Rule 2.13 of the Rules of Lawyer Disciplinary Procedure states:

Notwithstanding the failure of the lawyer to file a responsive pleading, a Hearing Panel Subcommittee may proceed with a hearing, provided that all evidence in support of the charge shall be heard by the Hearing Panel in a public hearing or filed in the course of a public hearing. *The failure to file a response to the complaint shall be deemed an admission of the factual allegations contained therein.*

practice, to appoint a lawyer or lawyers to inventory the files of the disappeared, deceased, abandoning, suspended, or disbarred lawyer and to take such action as seems indicated to protect the interests of the lawyer and the lawyer's clients. Any lawyer so appointed shall not be permitted to disclose any information contained in any files so inventoried without the consent of the client to whom such file relates, except as necessary to carry out the order of the court which appointed the lawyer to make such an inventory.

We agree with the Petitioner that this situation warrants appointment of a lawyer to inventory the Respondent's files and take any and all action needed to protect the interests of the Respondent and his clients, and have issued an order to that effect to the Chief Judge of the Circuit Court of Cabell County.

 Next the Petitioner asks that we suspend the Respondent's law license indefinitely, alleging that the Respondent is disabled from the practice of law by reason of mental illness, which has caused him to commit numerous and substantial violations of the Rules of Professional Conduct, and that he poses a substantial threat of irreparable harm to the public. We addressed a similar situation in *Committee on Legal Ethics v. Ikner*, 190 W.Va. 433, 438 S.E.2d 613 (1993). The lawyer in *Ikner* disappeared while under investigation by OLDC for misappropriation of client funds. The day after he disappeared, he was criminally charged with forgery and embezzlement. We held, in syllabus point two of *Ikner*:

Under the authority of the Supreme Court of Appeal's inherent power to supervise, regulate and control the practice of law in this State, the Supreme Court of Appeals may suspend the license of a lawyer or may order such other actions as it deems appropriate, after providing the lawyer with notice and an opportunity to be heard, when there is evidence that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public until the underlying disciplinary proceeding has been resolved.[3]

*Id.* at 434, 438 S.E.2d at 614. In the case before us, Mr. Butcher has been provided with notice and an opportunity to be heard, although he has refused both. There is considerable evidence that he has violated the Rules of Professional Conduct.[4] As for posing a threat of irreparable harm, the Respondent, by disappearing, has abandoned his legal practice, thus jeopardizing the legal interests of his clients. We said in *Ikner*,

The public's confidence in our legal system would be undermined if we allowed a lawyer, who has voluntarily disappeared during a disciplinary proceeding and aban-

---

3. This is in accord with Rule 3.27 of the Rules of Lawyer Disciplinary Procedure, which provides:

(a) Upon receipt of sufficient evidence demonstrating that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public, the Office of Disciplinary Counsel shall conduct an immediate investigation.

(b) Upon completion of such investigation, the Office of Disciplinary Counsel shall promptly file a report with the Supreme Court of Appeals indicating whether, in the opinion of Disciplinary Counsel, the lawyer's commission of a violation of the Rules of Professional Conduct or disability poses a substantial threat of irreparable harm to the public. The Office of Disciplinary Counsel shall attempt to provide reasonable notice to the lawyer prior to the filing of this report.

(c) Upon receipt of this report, the Supreme Court, upon determining the existence of good cause, shall provide notice of the charges to the lawyer with the right to a hearing in not less than thirty days before the Court. The Supreme Court may appoint a trustee to protect the interest of the lawyer's clients during the pendency of these proceedings. After such hearing, the Supreme Court may temporarily suspend the lawyer or may order such other action as it deems appropriate until underlying disciplinary proceedings before the Lawyer Disciplinary Board have been completed.

4. There is also evidence, reviewed later in this opinion, that the Respondent may be suffering from a disability. Our law as set out in *Ikner* requires that either the lawyer "has committed a violation of the Rules of Profession Conduct *or* is under a disability." 190 W.Va. at 434, 438 S.E.2d at 614, Syl. Pt. 2. Because there are numerous instances of violation of the Rules of Professional Conduct, it is not necessary to our decision that we determine whether Mr. Butcher is suffering from a disability.

doned his legal practice, to continue to be a licensed lawyer while his whereabouts remain unknown. Therefore, because Mr. Ikner abandoned his clients' legal interests thereby violating certain Rules of Professional Conduct, he poses a substantial threat of irreparable harm.

*Id.* at 427–38, 438 S.E.2d at 617–18. Respondent likewise poses a substantial threat of irreparable harm to his clients and to public confidence in our legal system. We therefore find it necessary to suspend Mr. Butcher's license indefinitely, pending resolution of the disciplinary proceedings against him.

Finally, the Petitioner requests that we require the Respondent to undergo a psychiatric evaluation upon his reappearance. Rule 3.23(a) of the Rules of Lawyer Disciplinary Procedure provides:

> Whenever the Office of Disciplinary Counsel receives a complaint or, after conducting an appropriate investigation, concludes that a lawyer is disabled from continuing the practice of law by reason of mental infirmity or illness or because of addiction to drugs or alcohol, a report shall be filed with the Supreme Court of Appeals to take or direct such action as it deems necessary or proper to determine whether the lawyer is so disabled, including examination of the lawyer by such qualified medical experts as the Court shall designate.

In addition to the concern raised by Respondent's disappearance and avoidance of process in this case, the Petitioner represents that the Respondent apparently abandoned his law practice in early April, 1996, and his whereabouts have been unknown to his family since that time. The OLDC represents further that a family member thinks he is suffering from depression, and that the Respondent has been under severe personal strain after a divorce and the loss of custody of his youngest child. Under these circumstances, the Court deems a psychological examination necessary and proper, and so orders under the authority of Rule 3.23, quoted above.

Accordingly, based on the representations of the Petitioner and upon notice and opportunity to be heard granted to the Respondent, we grant the petition of the OLDC and: (1) order the Chief Judge of the Circuit Court of Cabell County to appoint counsel to protect the interests of the clients of attorney Thomas L. Butcher; (2) order that the law license of the Respondent, Thomas L. Butcher, be suspended pending the resolution of the pending disciplinary action; and (3) order that the Respondent, Thomas L. Butcher, undergo a psychiatric evaluation upon his reappearance.

Petition Granted.