538 S.E.2d 707

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Donald L. PITTS, an administratively suspended member of the West Virginia State Bar, Respondent.**

No. 27264.

Supreme Court of Appeals of West Virginia.

Submitted April 11, 2000.

Decided May 8, 2000.

Concurring Opinion of Justice Starcher June 28, 2000.

Amie L. Johnson, Esquire, Assistant Disciplinary Counsel, Charleston, West Virginia, Attorney for Petitioner.

Donald L. Pitts, Esquire, Wheeling, West Virginia, Attorney for Respondent, Pro Se.

PER CURIAM:

This case is before the Court upon the Report Concerning Disability filed by the Office of Disciplinary Counsel ("ODC") regarding the Respondent, Donald L. Pitts, an administratively suspended member of the

West Virginia State Bar.[1] The ODC requests this Court to indefinitely suspend the Respondent's law license.[2] The ODC additionally requests that this Court authorize the Chief Judge of the Tenth Judicial Circuit to appoint an attorney to inventory the Respondent's files and take action to protect the clients' interest.[3] Finally, the ODC requests that the Court hold in abeyance any ethics complaints filed and/or pending against the Respondent until he is able to defend himself. Based upon a review of the record in this case,[4] we grant the suspension, as well as the other relief sought by the ODC.[5]

## FACTS

According to the Report Concerning Disability, the Respondent, a solo practitioner in Raleigh County, was admitted to the West Virginia State Bar on May 16, 1970. In November 1998, the Respondent was hospitalized and reportedly returned to work on a part-time basis in late January 1999. Then, in April of 1999, the Respondent underwent quintuple heart bypass surgery. The Respondent also suffers from other serious medical problems, including hypoglycemia.

In June 1999, the Respondent's former secretary sent letters to clients advising them of the Respondent's health problems and that he would be returning to work in October of 1999. Disciplinary Counsel spoke with the Respondent on September 21, 1999. During that conversation, the Respondent indicated that he was still experiencing health problems and was unable to work, although he had completed cardiac rehabilita-

tion. The Respondent expressed a willingness to be administratively suspended.

The Respondent's law office has been closed since June 22, 1999. The Respondent apparently has tried, to no avail, to make arrangements with other lawyers to monitor his cases during his absence. Neither the Respondent, nor anyone on his behalf, has been in contact with the Respondent's clients for many months. There are numerous disciplinary matters pending concerning the Respondent's conduct since his health problems began.

## ISSUE

The only issue before the Court is whether the Respondent's law license should be suspended pursuant to Rule 3.27 of the Rules of Lawyer Disciplinary Procedure. The ODC asserts that the Respondent's disability has caused him to commit numerous ethical violations. Further, the ODC argues that the Respondent poses a substantial threat of irreparable harm to the public.

This Court examined a case analogous to the instant one in *Office of Lawyer Disciplinary Counsel v. Butcher,* 197 W.Va. 162, 475 S.E.2d 162 (1996).[6] In *Butcher,* a lawyer was allegedly suffering from a mental illness which caused him to be disabled from the practice of law and which also caused him to commit numerous and substantial violations of the Rules of Professional Conduct. In deciding to suspend the lawyer's license in-

---

1. The Respondent was administratively suspended by the Court on November 10, 1999, for nonpayment of bar dues. He has not taken any action to have his law license reinstated.

2. Rule 3.27 of the Rules of Lawyer Disciplinary Procedure sets forth the procedure to be used by both the ODC and this Court in handling cases which involve a lawyer who has a disability.

3. Rule 3.29 of the Rules of Disciplinary Procedure provides for the appointment of a lawyer and/or lawyers to inventory the files of a suspended lawyer and "to take such action as seems indicated to protect the interests of the lawyer and the lawyer's clients." *Id.*

4. The Respondent failed to file any responsive pleading in this matter.

5. On February 17, 2000, this Court ordered that any ethics complaints filed and/or pending against the Respondent be held in abeyance until further order of this Court. Further, we authorized the Honorable John Hutchison, Chief Judge of the Circuit Court of Raleigh County, to appoint a lawyer or lawyers to inventory the Respondent's files and "to take such action as seems indicated to protect the interests of the respondent and the interests of the clients."

6. *See Office of Disciplinary Counsel v. Battistelli,* 193 W.Va. 629, 457 S.E.2d 652 (1995) (addressing, in greater detail, extraordinary procedures set forth in Rule 3.27 as they relate to extreme lawyer misconduct).

118

definitely in *Butcher,* we relied upon the following:

> "Under the authority of the Supreme Court of Appeal's inherent power to supervise, regulate and control the practice of law in this State, the Supreme Court of Appeals may suspend the license of a lawyer or may order such other actions as it deems appropriate, after providing the lawyer with notice and an opportunity to be heard, when there is evidence that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public until the underlying disciplinary proceeding has been resolved." Syl. Pt. 2, *Committee on Legal Ethics v. Ikner,* 190 W.Va. 433, 438 S.E.2d 613 (1993).

197 W.Va. at 163, 475 S.E.2d at 163, syllabus.

■ In the instant case, the facts undeniably reflect that the Respondent is suffering from a physical disability brought about by his heart condition, as well as the other serious medical problems from which he suffers. It is also uncontroverted by the Respondent that his medical condition has forced him essentially to abandon his law practice, thereby jeopardizing both his and his client's legal interests.

■ We, therefore, find it necessary to suspend the Respondent's law license until further order of the Court. We further order that any ethics complaints filed and/or pending against the Respondent be held in abeyance pending further order of this Court. The Respondent is required, pursuant to Rule 3.24(a) of the Rules of Lawyer Disciplinary Procedure, to petition this Court for reinstatement of his law license when he can demonstrate by clear and convincing evidence that his disability has been removed and that he is physically fit to resume the practice of law. *Id.* Finally, the Court authorizes the Honorable John Hutchison, Chief Judge of the Tenth Judicial Circuit, to continue the appointment of a lawyer or lawyers to inventory the Respondent's files and to take such action as indicated to protect the interests of both the Respondent and his clients.

Petition granted; Indefinite Suspension; Receiver Ordered.

Justice McGRAW dissents.

STARCHER, Justice, concurring:
(Filed June 28, 2000)

Donald L. Pitts did not simply walk out on his law practice leaving his clients to swing in the wind. Donald Pitts, a responsible member of the West Virginia State Bar since 1970, was hospitalized in 1998, but fought back, fully intending to resume his law practice. And he tried hard to do so, only to land back in the hospital in April 1999 for quintuple bypass heart surgery. Additionally, Mr. Pitts has other complicated medical problems.

To vote to suspend Donald Pitts' right to practice law—something he greatly treasured and used to serve his community and our greater community—was painful for me. Therefore, I cannot let the positive deeds and efforts of Donald L. Pitts go unnoticed, unreported.

Donald Pitts is a native of Wheeling, but it was in Beckley that he practiced law. No doubt he was drawn to his selected community because of the relationship he forged with one of his North Carolina Central University School of Law professors—the well-known, late Beckley lawyer, Brown Hugo Payne.

In Beckley, Donald Pitts was a leader who frequently served his community to the detriment of his law practice—he was not very good at refusing requests for service.

Don was an active member of his local chapter of the National Association for the Advancement of Colored People, serving for many years as its president, and being particularly noted for the legal services he provided the organization (and the many individuals seeking legal services through the NAACP), including the litigation of several very important civil rights cases.

Donald Pitts was well-known for his outstanding ability as a public orator. Of particular note and import, Don was regularly called upon to deliver his rendition of Martin Luther King, Jr.'s famous *"I Have A Dream"* speech during Black History Month

and on other occasions. Hundreds and more likely thousands of school children and adults, upon hearing Don Pitts speak, never failed to comment on the great similarity in the tone and resonance of the voices of these two great men.

Donald Pitts has been a servant to his God. He was active in church, serving as bishop on more than one occasion.

And in 1978, it was Donald Pitts, along with other state lawyer luminaries Hugo Payne, Beckley; Herbert Henderson, Huntington; Charles Price, Charleston; and Franklin Cleckley, Morgantown, who breathed new life into the Mountain State Bar Association, an organization that is now an acknowledged leader in providing educational opportunities for minorities and high-quality continuing legal education for our entire bar.

These are but a few of Don's accomplishments. We wish him well, Godspeed, and the best health possible.

Sadly, I concur with the action of the Court.